UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
DYVON MCKINNON,

                                                    Petitioner,

                      -v.-                                                    9:06-CV-717
                                                                               (DNH)(RFT)

SUPERINTENDENT, Great Meadow Correctional Facility,

                                                  Respondent.
-----------------------------------------------------------------------

APPEARANCES:                                         OF COUNSEL:

DYVON MCKINNON
Petitioner, *pro se*
02-B-0073
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

HON. ANDREW M. CUOMO                            MICHELLE ELAINE MAEROV, ESQ.
Office of the Attorney General
State of New York
120 Broadway
New York, NY 10271

RANDOLPH F. TREECE, U.S. MAGISTRATE JUDGE

## **ORDER**

      This is a proceeding pursuant to 28 U.S.C. §2254. Dkt. No. 1, Pet. On September 13, 2006, Petitioner was granted leave to proceed with this action *in forma pauperis* and the Petition was ordered served.[1] On November 22, 2006, Respondent filed a Response to the Petition along with a Memorandum of Law and the State Court Records. Dkt. Nos. 8-10.

      Presently before the Court is Petitioner's Motion for Discovery. Dkt. No. 14. Respondent opposes the Motion. Dkt. No. 15.

---

[1] The September 13, 2006 Order advised Petitioner that even though his request to proceed *in forma pauperis* was granted, Petitioner would still be "required to pay other fees that he may incur in the future regarding this action, including but not limited to copying and/or witness fees." Dkt. No. 5 at p. 2, n.1.

By his Motion, Petitioner seeks copies of the entire "state court records[,] grand jury minutes, wade hearing, trial transcripts, [and] any documents necessary to maintain this action including written decisions at trial level."[2] Dkt. No. 14, Dyvon McKinnon Aff., dated Feb. 8, 2007, at ¶ 1.  Petitioner states that "such documents are necessary to A) raise every issue in this proceeding[, and] B) confirm or deny any factual arguments made by the Respondent." *Id.* at ¶ 2.  Petitioner also indicates that his counsel could not afford to provide him with the record during the appellate proceedings.  However, based upon the Appellate Brief submitted with the state court records (Dkt. No. 10, Ex. A), it appears that Petitioner's appellate counsel had access to these records and cited to them in his Brief.

Respondent has opposed this Motion.  Dkt. No. 15.  Respondent argues that Petitioner cites no authority to support the assertion that he is entitled to have transcripts furnished to him in this proceeding, that Petitioner has been provided, or can gain access to, these records from his counsel or the state courts, and that Petitioner has made no showing of good cause to support his Motion.  Finally, Respondent notes that a complete copy of the record is now on file with this Court and Petitioner may arrange to have copies made at his own expense. *Id.*

The Court finds that Petitioner has not made a showing that his appellate counsel was not provided a complete copy of the trial record and that Petitioner could not gain access to it through his counsel or the state court.  In addition, Petitioner must, at the very least, demonstrate some reasonably compelling or particularized need for the records he seeks.  Petitioner is not entitled to the transcript "for the purpose of combing it in the hopes that something might turn up." *United States ex rel. Buford v. Henderson*, 524 F.2d 147, 153 (2d Cir. 1975) (citation

---

[2] Petitioner does not indicate who he expects to pay for the duplication of the record.

omitted); *see also Nunez v. United States*, 892 F. Supp. 528, 531 (S.D.N.Y. 1995) (request for transcripts denied in absence of showing of any need therefor; transcripts were irrelevant to petitioner's claims); *Stephens v. Scully*, 1987 WL 10829, at *2 (E.D.N.Y. Apr. 29, 1987) (citing *Buford* for the proposition that application for free transcripts should indicate how transcript might lead to evidence supporting petitioner's claims).  Thus, Petitioner must demonstrate to the Court that the records are not available to him through his counsel or the state court and he must show a particularized need for the documents he seeks.  Petitioner has failed to make such a showing, thus, the Motion must be **denied**.

WHEREFORE, it is hereby

ORDERED, that the Petitioner's Motion for Discovery (Dkt. No. 14) is **DENIED**; and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Date:  May 24, 2007
       Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge