UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

DYVON McKINNON,

                              Petitioner,

        v.                                              9:06-CV-0717
                                                        (TJM)

SUPERINTENDENT, Great Meadow Correctional
Facility,

                              Respondent.

─────────────────────────────────

APPEARANCES:                                            OF COUNSEL:

DYVON McKINNON
Petitioner, pro se
02-B-0073
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

HON. LETITIA JAMES                                      MICHELLE E. MAEROV, ESQ.
Attorney for Respondent                                 Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

THOMAS J. McAVOY
United States Senior District Judge

**DECISION and ORDER**

**I.      INTRODUCTION**

        Petitioner Dyvon McKinnon sought federal habeas corpus relief pursuant to 28 U.S.C.

§ 2254.  Dkt. No. 1, Petition ("Pet.").  Respondent opposed the petition.  Dkt. No. 8,

Response; Dkt. No. 9, Memorandum of Law in Opposition; Dkt. No. 10, State Court Records.

Instead of filing a reply, petitioner filed an unsuccessful motion for discovery.  Dkt. No. 14,

Motion; Dkt. No. 17, Decision and Order (denying request for discovery). On May 1, 2008, District Judge James K. Singleton denied and dismissed the petition. Dkt. No. 22, Decision and Order ("May Order"); Dkt. No. 23, Judgment.

Presently pending is a motion, pursuant to Federal Rule of Civil Procedure 60(b), to vacate the Judgment which followed Judge Singleton's May Order denying and dismissing the petition. Dkt. No. 38. Respondent filed an opposition, to which petitioner filed a reply. Dkt. No. 42, Response; Dkt. No. 43, Reply.[1]  For the following reasons, the motion is denied.

## II.    RELEVANT BACKGROUND

Petitioner challenged his 2002 conviction, from Onondaga County, after a jury trial for three counts of first degree sodomy, four counts of first degree sexual abuse, and three counts of endangering the welfare of a child. Pet. at 1-2; May Order at 1.[2]  Petitioner argued that he was entitled to federal habeas relief because (1) the verdict was against the weight of the evidence; (2) the trial court abused its discretion by denying petitioner's pretrial severance motion; (3) the knife should not have been admitted in evidence because it was not relevant to the case and more prejudicial than probative; (4) police testimony improperly bolstered the testimony of other witnesses; and (5) the identification procedure was unduly suggestive. May Order at 3. This Court denied the petition on the merits. *Id.* at 3-12.

On June 9, 2008, petitioner filed a Notice of Appeal to the United States Court of Appeals, Second Circuit. Dkt. No. 24. Petitioner appealed the following grounds from the

---

[1]  The Local Rules indicate that "[r]eply papers . . . are not permitted without the Court's prior permission." N.D.N.Y.L.R. 7.1(b)(2). While petitioner did not acquire the required permission, given the special solicitude granted to pro se litigants, the Court has reviewed the entirety of the submission and, while improperly filed, has decided to consider it during these deliberations.

[2]  For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

May Order: (1) the state trial court erroneously denied petitioner's motion to sever the counts relating to the two separate attacks; (2) the trial court erroneously admitted evidence of a knife, police officer's testimony, and specific pretrial identification procedures; and (3) the verdict was against the weight of the evidence.  Dkt. No. 31 at 3.  On June 30, 2011, the Second Circuit issued an order dismissing the appeal on the merits, upholding the decision of this Court denying and dismissing the petition.  *Id.* at 3-9.

On October 9, 2018, the Second Circuit issued its first order denying petitioner's request fo file a successive habeas petition pursuant to 28 U.S.C. § 2254.   Dkt. No. 33, Mandate.  Petitioner sought to introduce new evidence, specifically the content of a conversation he had with an individual named Q.S., while in Elmira Correctional Facility, in 2010; however, petitioner failed to show that this information could not have been previously discovered, was clear and convincing evidence, or would entitle him to relief on his actual innocence claim.  *Id.* at 1-2.

Then, ultimately on October 8, 2019, the Second Circuit issued its second order denying petitioner's application for permission to again file a second habeas petition pursuant to § 2254.  Dkt. No. 34, Order.  Petitioner alleged that new evidence, specifically the state court transcript and portions of the state court record which had been sealed until 2013, entitled him to relief.  *Id.* at 1-2.  However, the Second Circuit disagreed, holding that petitioner (1) "was aware of the DNA evidence now at issue before he filed his 2006 § 2254 petition," and (2) "failed to make a prima facie showing that the evidence he cites, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty[.]"  *Id.* at 2 (internal quotation marks omitted).

3

## III.    PETITIONER'S MOTION TO VACATE

While initially unclear, petitioner's reply papers specify that he makes his motion to

vacate pursuant to Rule 60(b)(6).  Dkt. No. 43 at 2 ("In this case the gist of the claim[s] are

made under Rule 60(b)(6)[.]").  Specifically, petitioner contends that respondent

> seeks to mischaracterize and misconstrue. . . the severity of
> [petitioner's] constitutional claims [because his] motion accuses
> [respondent's counsel] . . . with conspiring with her state
> government counterparts to deprive [petitioner] of [his] life, liberty
> and property by deliberately suppressing exculpatory statements
> made by the[] alleged child victims that proved [that petitioner was]
> innocent and by falsifying and fabricating facts and identification
> evidence they used to obtain [his] conviction and deny [petitioner]
> federal habeas relief[.]

*Id.* at 1.  Petitioner points to the "severe violations and interference with [his] rights in the

state court process" from being denied (1) access to the courts; (2) the right to a trial by a

jury; (3) the notice and opportunity to be heard; and (4) effective counsel during the critical

stages of his criminal defense during trial and his direct appeal.  *Id.* at 2.[3]

Petitioner relies on *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017), to support his claim

that his case is the kind of extraordinary circumstance, showcasing a miscarriage of justice,

that has to be remedied given the "severe violations of [petitioner's] constitutional rights and

actual innocence sufficient to warrant a fuller exploration by the court," and the "cruel and

---

[3] Further expanding on this array of constitutional violations, petitioner's initial motion to vacate argued that (1) he was denied his due process rights to be heard and receive effective counsel during his habeas claim regarding his claims about unconstitutional pretrial identification procedures, Dkt. No. 38 at 2, 4-21; (2) he discovered new information, in 2013, about two pretrial DNA motion hearings that were conducted without notification to the petitioner in violation of his rights for due process and effective representation, *id.* at 2, 21-26; (3) petitioner was substantially prejudiced by the trial court's erroneous ruling to allow the Detective's testimony to qualify as expert testimony, *id.* at 3, 26-28; (4) petitioner's due process rights were violated by his inability to challenge the DNA evidence that was unlawfully procured or the history he had with the law enforcement officer who was involved in his arrest, *id.* at 3, 28-33; (5) petitioner was denied his right to challenge the fact that his jury was composed of hostile, biased, white individuals in contravention of his constitutional rights to have a jury of his peers, *id.* at 3-4, 34-39;  and (6) the continued violation of petitioner's right to have effective representation throughout his underlying state criminal conviction precluded him from being able "to be heard on federal habeas [review] in this court," *id.* at 4, 40-47.

unusual punishment . . . [he] continue[s] to suffer [as] the result of the underlying trial process, wrongful conviction, 30 year prison sentences, sex offender registration act, and the mental health law civil trials and commitment[.]" Dkt. No. 43 at 2.

Respondent argues that petitioner's motion should be denied because (1) petitioner's claims are outside the scope of Rule 60(b), Dkt. No. 42 at 8-11, and (2) petitioner's motion is untimely, *id.* at 11-12.

For the following reasons, petitioner's motion is denied.

## IV.    DISCUSSION

Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order or Proceeding.**
>
> On a motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;
>
> (2)    newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)    fraud, misrepresentation, or misconduct;
>
> (4)    the judgment is void;
>
> (5)    the judgment has been satisfied, released, or discharged; or
>
> (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding." *Flemming v. New York*, No. 1:06-CV-15226, 2013 WL 4831197, at *12 (S.D.N.Y. Sept. 10, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)).  "Importantly, Rule 60(b) is *not* a vehicle for rearguing the

merits of the challenged decision . . . [r]ather . . . Rule 60(b) provides relief only in exceptional circumstances." *Van Gorder v. Allerd*, No. 6:01-CV-6538, 2008 WL 822018, at *2 (W.D.N.Y. Mar. 26, 2008) (emphasis in original).

### A.   Timeliness

"A motion brought under Rule 60(b) must be made 'within a reasonable time' and motions brought under Rule 60(b)(1), (2), or (3) must be made within one year after the entry of judgment." *Flemming*, 2013 WL 4831197, at *12.  "The Supreme Court has interpreted subsection six as requiring a showing of 'extraordinary circumstances' to 'justify[] the reopening of a final judgment.'" *Reynolds v. Greene*, No. 9:05-CV-1539, 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Here, petitioner's motion is untimely.[4]  "[A]lthough Rule 60(b)(6) has no definite statute of limitations, a motion made pursuant to that section 'must be made within a reasonable time' after the date of the judgment being challenged." *Rodriguez v. Kuhlman*, No. 1:98-CV-0063, 2013 WL 4778173, at *4 (S.D.N.Y. Sept. 6, 2013) (citing Fed. R. Civ. P. 60(b)(c)(1); *Flemming*, 423 F. App'x at 65).  In determining reasonableness, the Second Circuit has directed courts to "scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay." *Flemming*, 423 F. App'x at 65.

"Under this standard, the Second Circuit has found that even one year's delay may be unreasonable." *Rodriguez*, 2013 WL 4778173, at *4 (citing cases); *see also Pabon v.*

---

[4]  Even if petitioner were to claim that his motion fell under a different subsection – the only ones which could be applicable are sections (1) through (3) – it would not be deemed timely filed.  "A motion brought under . . . Rule 60(b)(1), (2), or (3) must be made within one year after the entry of judgment." *Flemming*, 2013 WL 4831197, at *12. Because this motion was filed over fourteen years after the challenged Judgment was entered, it would be denied as untimely.  *See Flemming v. New York*, 423 F. App'x 64, 65 (2d Cir. 2011) ("This limitations period is absolute.") (citing *Warren v. Gavin*, 219 F.3d 111, 114 (2d Cir. 2000)).

*Maciol*, 374 F. App'x 178, 180 (2d Cir. 2010) (holding that "the district court did not abuse its discretion in denying [the] Rule 60(b) motion" when it was made, without any explanation, "almost nine months after th[e Second Circuit] denied [petitioner's motion] for rehearing of the order affirming the district court's judgment, and almost four years after the district court entered its judgment."); *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (holding that a Rule 60(b) motion "made twenty-six months after the entry of the final judgment" constituted "a patently unreasonable delay absent mitigating circumstances" of which petitioner presented none); *Rodriguez*, 252 F.3d at 201 (holding that filing a Rule 60(b)(6) motion "three and one-half years from the date judgment was entered is [not] a reasonable time."); *Arias v. Connolly*, No. 1:15-CV-5476, 2017 WL 5633195, at *4 (E.D.N.Y. Nov. 21, 2017) (denying a Rule 60(b)(6) motion as untimely where "[p]etitioner offers no explanation [for] the thirteen-month delay between the dismissal of his petition and the filing of his Rule 60(b) motion[.]).  This is especially true where the arguments petitioner puts forth involve alleged factual misunderstandings which petitioner was aware of, at the earliest, after the appellate division denied his direct appeal and, at the latest, when the habeas petition was denied. *Arias*, 2017 WL 5633195, at *4.

Here, petitioner filed this motion (1) over seventeen years after the direct appeal of his criminal conviction concluded; (2) over fourteen years after the challenged May Order and Judgment were issued; (3) almost ten years after discovering the alleged exculpatory DNA evidence, in 2013, after the state court transcripts and records were unsealed; and (4) over two years and eleven months after the Second Circuit denied petitioner's request to file a second federal habeas action concerning those DNA-related claims.  The majority of petitioner's claims deal with events that occurred during his underlying criminal proceedings

and direct appeal.  The most recent factual predicate was the allegedly new DNA evidence, which petitioner discovered ten years ago and the Second Circuit denied as a basis for a subsequent habeas petition almost three years ago.  Petitioner provides no real reason for his delay; therefore, given the time periods outlined by the Second Circuit and the other courts therein, and the fact that petitioner knew about the factual predicate of his claims somewhere between three years to over a decade before filing the instant motion, petitioner did not file this motion within a reasonable time.

While petitioner correctly claims that the one year limitations period does not apply, Dkt. No. 43 at 2, he has, for the reasons stated above, still failed to meet Rule 60's requirements for timely filing.  Further, petitioner contends that respondent's "statute of limitations arguments do not apply where as here substantiated-unrefuted claims have been set forth and life and liberty are at stake."  *Id.* at 3.  However, petitioner cites no authority for that proposition and it is, in fact, an incorrect understanding of the law.  Instead, Rule 60(b)(6) "requires extraordinary circumstances which typically do not exist where the applicant fails to move for relief promptly."  *Flemming*, 423 F. App'x at 65.  And, as previously discussed, petitioner has failed to do so.  *See id.* (holding that where a petitioner "has not set forth any explanation that would excuse his three-year delay," in filing a Rule 60(b)(6) motion, the request for relief was untimely and properly denied).

## B.    Scope of Rule 60(b)

It is first important to understand that

> [a] motion under Rule 60(b) and a petition for habeas have different objectives. The habeas motion under 28 U.S.C. § 2254 seeks to invalidate the state court's judgment of conviction. As to the motion under Rule 60(b), while it is undoubtedly a step on the road to the ultimate objective of invalidating the judgment of conviction, it does

> not seek that relief. It seeks only to vacate the federal court
> judgment dismissing the habeas petition. The grant of such a
> motion would not have the effect of invalidating the state
> conviction. It would merely reinstate the previously dismissed
> petition for habeas, opening the way for further proceedings
> seeking ultimately to vacate the conviction.

*Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001).  Stated another way, "[a] Rule 60(b)

motion may be used to attack the integrity of the previous habeas proceeding, but it may not

be used as a vehicle to attack the underlying criminal conviction."  *Reynolds*, 2010 WL

604179, at *3 (internal quotation marks omitted) (citing *Harris v. United States*, 367 F.3d 74,

77 (2d Cir. 2004); *Gonzalez*, 545 U.S. at 529; *see also Negron v. United States*, 164 F. App'x

158, 158-59 (2d Cir. 2006) (explaining that Rule 60 provides relief in civil suits, accordingly

"cannot afford [petitioner] relief from his judgment of conviction in a criminal case.").

> [A] Rule 60(b) motion that *attacks the underlying conviction*
> presents a district court with two procedural options: (I) the court
> may treat the . . . motion as "a second or successive" habeas
> petition, in which case it should be transferred to th[e Second
> Circuit] for possible certification, or (ii) the court may simply deny
> the portion of the motion attacking the underlying conviction "as
> beyond the scope of Rule 60(b).

*Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004).

Here petitioner's arguments are still primarily challenging the merits of his state court

conviction.  In fact, petitioner's own characterization of his claims involve the "severe

violations and interference with [his] rights in the state court process" from being denied (1)

access to the courts; (2) the right to a trial by an unbiased jury; (3) the notice and opportunity

to be heard about DNA evidence and pretrial identification procedures; (4) an appropriate

ruling about the expert status of trial testimony from law enforcement; and (5) effective

counsel during the critical stages of his criminal defense during trial and his direct appeal.

*See* Dkt. No. 38 at 3-4; Dkt. No. 43 at 2. Petitioner is improperly attempting to "solely

relitigate . . . issue[s] already decided," in the May Order. *Shrader v. CSX Transp., Inc.*, 70

F.3d 255, 257 (2d Cir. 1995). In short, petitioner is, again, trying to invalidate his state court

conviction through the wrong procedural vehicle. *Gonzalez*, 545 U.S. at 529; *Negron*, 164 F.

App'x at 158-59; *Harris*, 367 F.3d at 77; *Reynolds*, 2010 WL 604179, at *3. Therefore, the

motion is beyond the scope of Rule 60(b).

Petitioner asserts that the Supreme Court's decision in *Buck* would have altered the

Court's conclusion. Unfortunately, petitioner's reliance is misplaced. Buck, an African-

American man, was convicted of capital murder and sentenced to death after the jury found

that he was likely to commit future acts of violence under state law. *Buck*, 137 S. Ct. at 767.

The case has a complicated procedural history; however, after consistently losing direct and

collateral state and federal court challenges to his underlying criminal conviction, Buck

sought to reopen his judgment by filing a motion under Rule 60(b)(6). *Id.* at 769-773.

As is relevant to the instant case, Buck's motion was granted. *Buck*, 137 S. Ct. at

780. However, the Supreme Court noted that his case presented an "unusual confluence of

factors" that together "created something of a perfect storm." *Id.* at 776.

> The Supreme Court found the requisite "extraordinary
> circumstances" to justify relief under Rule 60(b)(6) because of three
> factors: it was a death penalty case, the underlying claim involved a
> "pernicious" race-based claimed injury that harmed the petitioner
> and the entire community, and the State of Texas admitted error
> and consented to resentencings in similar cases but refused to
> admit error in Buck's case.

*Rouse v. United States*, No.4:06-CV-4008, 2020 WL 1287986, at *9 (D.S.D. Mar. 18, 2020),

*affirmed by*, 14 F.4th 795 (8th Cir. 2021) (citing *Buck*, 137 S. Ct. at 777-780). As Justice

Thomas noted in the dissenting opinion, the *Buck* decision represented

> an unusual case, and the majority's single-minded focus on **according relief to this petitioner on these facts naturally limits the reach of its decision. In cases presenting different facts, today's decision will provide little guidance**. The Court's ultimate conclusion relies on the convergence of three critical factors that will rarely, if ever, recur.

137 S. Ct. at 787 (emphasis added).

Here, as Justice Thomas predicted, the situation is not analogous to *Buck*. Petitioner's criminal proceeding was not a capital case and there has been no admission of widespread state error by New York in similar cases. Accordingly, two of the three factors used to establish extraordinary circumstances in *Buck* are absent from the instant case.

To the extent petitioner contends there was juror bias, this appears to be a new claim that was not asserted during his prior state and federal court challenges; therefore, it would arguably transform petitioner's motion into an application to file a successive habeas petition. Even assuming the claim had been previously exhausted and considered, the factual predicate is distinguishable from *Buck* where a certified medical expert – who had conducted evaluations in approximately seventy capital murder cases – testified that Buck being black represented an "immutable characteristic [that] carried with it an '[i]ncreased probability' of future violence," and constituted "hard statistical evidence – from an expert – to guide an otherwise speculative inquiry."  137 S. Ct. at 776-77.

In contrast, petitioner argues that he was subjected to a hostile jury, picked from a pool that was too small and without the requisite diversity needed to guarantee petitioner a jury of his peers, who prejudged the case after hearing it was about sodomy charges.  Dkt. No. 38 at 34-37.  Petitioner makes this claim with bare, unsupported, and conclusory allegations.  This is weighed against the state court's factual findings, regarding the

sufficiency of the evidence used to convict petitioner, which established that "[t]he People presented the testimony of the victims establishing each element of the crimes charges, and the victims identified [petitioner] as the perpetrator."  May Order at 3.  Petitioner's situation is not akin to one where there was overt testimony encompassing "a particularly noxious strain of racial prejudice . . . [which] provide[d] support for making a decision on life or death on the basis of race."  *Buck*, 137 S. Ct. at 776.  Instead, petitioner's conviction was supported by the identification and testimony from two victims, illustrating a decision based on the merits as opposed to petitioner's race.

In sum, petitioner has failed to present any other circumstances, let alone extraordinary ones, to justify the Court's intervention.  The Court could either transfer the petition, as successive, to the Second Circuit or deny the motion with prejudice as being outside the scope of Rule 60(b).  *Harris*, 367 F.3d at 82.  Because petitioner has already (1) had the majority of these claims denied by his habeas petition, which was then affirmed on appeal to the Second Circuit and (2) had the Second Circuit consider – and deny – petitioner's subsequent application to bring a successive habeas petition to challenge the DNA claims, judicial economy will not be served by transferring this motion to the Second Circuit.  Instead, the Court will exercise the second option and deny the motion with prejudice.

V.     **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to vacate, Dkt. No. 38, is **DENIED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated: November 15, 2022

Thomas J. McAvoy
Senior, U.S. District Judge